UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARGARET LUCY GAUTHIER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>US BANK TRUST NA, AS TRUSTEE, )<br>FOR LSRMF MH MASTER )<br>PARTICIPATION TRUST II, )<br>CALIBER HOME LOANS, )<br>NATIONSTAR MORTGAGE LLC )<br>"MR. COOPER", JOHN DOES 1-10 )<br>)<br>Defendants, ) | No. 2:20-cv-00283-LEW |

**COMBINED ORDER ON OUTSTANDING MOTIONS**

In this removed action, Plaintiff Margaret Lucy Gauthier, titled owner and mortgagor of an income property in Old Orchard, lays out a gallimaufry of factual allegations related to allonges, assignments, securitization audits, eight separate personal bankruptcy filings, conditional loan modification approval, a loan modification package, and other transactions culminating in the recordation of a January, 2020 mortgage assignment in the York County Registry of Deeds, which assignment is associated with a reworked loan that Plaintiff describes as predatory. In her complaint, Plaintiff seeks cancellation or modification of the recent loan transaction, an accounting, and damages for slander of title, unfair trade practices, and infliction of emotional distress based on relatively recent loan modification and collection activities. In her complaint, she names as Defendants not only US Bank Trust, N.A., as trustee for LSRMF MH Master

Participation Trust II, and Caliber Home Loans, Inc., the purported current mortgagee and loan servicer, respectively, but also Nationstar Mortgage LLC d/b/a Mr. Cooper, a prior servicer that denied Plaintiff "a better mod." Gauthier Aff., Compl. Ex. 2 (ECF No. 1-1, PageID # 55).

The matter is now before the Court on three motions: Defendant Nationstar's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 18); Defendants U.S. Bank Trust and Caliber's jointly filed Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (ECF No. 19); and Plaintiff's Motion for Voluntary Dismissal without Prejudice (ECF No. 22).

## DISCUSSION

Through its motion, Nationstar d/b/a Mr. Cooper ("Nationstar") describes the gravamen of Plaintiffs' claims as the 2012 assignment of her mortgage from Mortgage Electronic Registrations Systems to Suntrust. Nationstar argues the claims are time barred under Maine's six-year statute of limitation and, alternatively, fails to state any viable claim against Nationstar because it was not the servicer of record in 2012 and has no responsibility for the assignment. Nationstar Mot. & Mem. (ECF Nos. 18, 18-1).

For their part, U S Bank Trust and Caliber say Plaintiff's claims are founded on an allegation that assignment to U S Bank Trust cannot be valid because the assignment post-dated "closure" of the Trust's pooling and servicing agreement. They argue Plaintiff lacks standing to press claims based on this kind of alleged commercial paper irregularity and ask the Court to dismiss for lack of subject matter jurisdiction, citing *Butler v. Deutsche Bank Tr. Co. Americas*, 748 F.3d 28 (1st Cir. 2014). They also ask for dismissal of a

"conclusory" claim of predatory lending, observing that if the modified loan has a lengthy term Plaintiff cannot pay in her remaining lifetime it is only because Plaintiff is in her 60s and was in default for 11 years. They further ask for dismissal of the remaining claims because of the lack of standing and because Plaintiff fails to allege necessary elements of the various statutory and common law claims set forth in blunderbuss fashion in the complaint. U S Bank Trust and Caliber Home Loan Motion & Mem. (ECF Nos. 19, 19-1).

Of note, Plaintiff failed to oppose either motion to dismiss in the requisite time period. However, roughly six weeks after the deadline to respond, Plaintiff filed her own motion in which she requests dismissal without prejudice. She states that after careful review of the motions she wishes to dismiss her complaint without prejudice. Plaintiff's Mot. (ECF No. 22).

Once a defendant answers the complaint an action may be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). When deciding a motion under Fed. R. Civ. P. 41(a)(2), "courts typically look to the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and [if applicable] the fact that a motion for summary judgment has been filed by the defendant." *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000). A court must exercise discretion in this regard; an unexplained grant of a plaintiff's motion for dismissal without prejudice is deemed a failure to exercise discretion. *JRA Architects & Project Managers, P.S.C. v. First Fin. Grp., Inc.*, 375 Fed. App'x 42, 43 (1st Cir. 2010) (per curiam).

The Defendants oppose Plaintiff's request for dismissal without prejudice. They characterize Plaintiff as a person who has abused legal processes to avoid the consequences of defaulting on her loan and worry that dismissal without prejudice will only ensure future litigation of baseless claims. Nationstar additionally argues that dismissal with prejudice is warranted because the claims are time barred.

When I consider the factors that guide my discretion, I am not persuaded that I should fully grant Plaintiff's request for dismissal without prejudice. In short, granting Plaintiff's request is not fair to Defendants given that Plaintiff's only explanation appears to be a lack of desire to explain why at least one of her claims is something more than a transparent effort to bedevil the orderly administration of her note and mortgage. Furthermore, Plaintiff has not been diligent; she did not respond at all to the merits of Defendants' motions and, instead, waited several weeks beyond her opposition deadline to request a voluntary dismissal. That kind of disregard for the court's calendar should not be treated as inconsequential given Plaintiff's litigation history and her failure to offer any explanation for her tardiness. Finally, I cannot say with confidence that a lesser sanction like an order to pay Defendants' legal fees and costs would not simply produce a further default and further frustration for the principal parties. At the same time, however, I am not persuaded that it is appropriate to bar Plaintiff from raising all relevant legal claims and defenses in the future that might arise out of her fact narrative. How best to draw a line between these two objectives is, unfortunately, not entirely clear. But that is a product of Plaintiff's pleading and, thus, she has only herself to blame if she is dissatisfied with the

result.   I have set forth in the Conclusion to this Order an appropriate resolution given the foreging factors.

## CONCLUSION

Plaintiff's Motion to Voluntarily Dismiss Complaint (ECF No. 22) is GRANTED IN PART and DENIED IN PART.  U S Bank Trust and Caliber Home Loan's Motion to Dismiss (ECF No. 19) is GRANTED IN PART and DENIED IN PART.  Nationstar's Motion to Dismiss (ECF No. 18) is GRANTED.

More specifically, any and all purported claims for damages or equitable relief based on the alleged unlawfulness of assignments between the date of origination through and including the "corrective" assignment of October 15, 2012 are DISMISSED WITH PREJUDICE. The claim for damages or equitable relief based on a theory of "slander" against Plaintiff's title is DISMISSED WITH PREJUDICE.  The claim for damages based on infliction of emotional distress is DISMISSED WITH PREJUDICE.

All claims asserted by Plaintiff against Nationstar Mortgage LLC d/b/a Mr. Cooper are DISMISSED WITH PREJUDICE. Claims asserted by Plaintiff against U S Bank Trust and Caliber Home Loans that are not identified in the preceding paragraph are DISMISSED WITHOUT PREJUDICE.

**SO ORDERED.**

Dated this 2nd day of February, 2021.

                                               /s/ Lance E. Walker
                                          UNITED STATES DISTRICT JUDGE